**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-5177**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

COREY RYDELL JENKINS,

              Defendant - Appellant.

─────────────

**No. 11-5180**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

COREY RYDELL JENKINS,

              Defendant - Appellant.

─────────────

Appeals from the United States District Court for the District of South Carolina, at Columbia and Florence. Terry L. Wooten, District Judge. (3:01-cr-00536-TLW-1; 4:11-cr-00273-TLW-1)

─────────────

Submitted: June 7, 2012          Decided: July 12, 2012

─────────────

Before MOTZ, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina; Kimberly H. Albro, Research & Writing Specialist, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, A. Bradley Parham, Assistant United States Attorney, Florence, South Carolina; John D. Buretta, Acting Deputy Assistant Attorney General, Lanny A. Breuer, Assistant Attorney General, Thomas E. Booth, DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Corey Rydell Jenkins appeals both his conviction by jury of one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g) (2006), and the subsequent revocation of his supervised release. We have thoroughly reviewed the record, and we affirm.

Jenkins first asserts that his motion to suppress evidence retrieved pursuant to a search of his car was improperly denied. The district court's legal conclusions underlying a suppression determination are reviewed de novo while its factual findings are reviewed for clear error. United States v. Guijon-Ortiz, 660 F.3d 757, 762 (4th Cir. 2011). Because the district court denied the motion to suppress, the evidence is construed on appeal in the light most favorable to the government. United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004). Despite Jenkins' assertions to the contrary, our review of the record convinces us that the facts known to the detaining officers sufficed to give them reasonable, articulable suspicion warranting his detention. United States v. Ortiz, 669 F.3d 439, 444 (4th Cir. 2012); United States v. Branch, 537 F.3d 328, 336, 337 (4th Cir. 2008). Moreover, we are unconvinced by Jenkins' argument that the officers impermissibly extended the scope of the stop such that his consent to search was rendered invalid. See United

3

States v. Mason, 628 F.3d 123, 132 (4th Cir. 2010), cert. denied, 132 S. Ct. 329 (2011).  As a result, Jenkins' motion to suppress was properly denied.

Jenkins attacks his trial largely on the grounds that the district court improperly admitted several pieces of evidence, including the detaining officers' suspicions that Jenkins was involved in narcotics distribution, the officers' purportedly-expert opinions that Jenkins' activity was consistent with narcotics distribution, and the fact that Jenkins had previously been convicted of offenses involving firearms.  A district court's evidentiary rulings are reviewed for abuse of discretion, which occurs only when the district court's decision is guided by erroneous legal principles or rests upon a clearly erroneous factual finding.  United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010).  Further, evidentiary rulings are subject to harmless error review, such that any error is harmless where this court may say "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error."  Id. (quotation marks omitted); United States v. McBride, 676 F.3d 385, 400 (4th Cir. 2012).  We have examined the record and find that any error with respect to the district court's evidentiary decisions was harmless.

4

Finally, Jenkins' argument that his term of supervised release was improperly revoked rests solely on his assertion that his felon-in-possession conviction must be reversed. Because he is incorrect on that score, we decline to disturb the revocation of his supervised release.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument will not aid the decisional process.

AFFIRMED